UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:

ROLAND V. ASKINS, JR.,                      Case No. 8:17-bk-04431-RCT

Debtor,
_____/

DAWN CARAPELLA,

Plaintiff,

v.

FIFTH THIRD BANK,                      Adv. Pro. No.: 8:19-bk-00216-RCT
PHILLIP ASKINS, A/K/A PAT ASKINS,
INDIVIDUALLY AND AS TRUSTEE OF
THE 5580 TRUST DATED APRIL 15, 1994,
LEONARD DOBALA, the U.S. DEPARTMENT
OF TREASURY, INTERNAL REVENUE SERVICE,
ROLAND V. ASKINS, III, and JOHN DOE, and
JANE DOE, and all other persons in possession of
subject real property, whose real names are uncertain,

Defendants.
_____/

**AMENDED DEFENDANTS' MOTION TO STRIKE IMMATERIAL,
IMPERTINENT, OR SCANDALOUS MATTER FROM COMPLAINT**

---

NOTICE OF OPPORTUNITY TO
OBJECT AND REQUEST FOR HEARING

   Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within fourteen (14) days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail.

   If you object to the relief requested in this paper, you must file a response with the Clerk of Court at Sam M. Gibbons U.S. Courthouse, 801 N. Florida Avenue, Suite 555, Tampa, FL 33602-3899, and serve a copy on the movant's attorney, Benjamin G. Martin, Esq., 1620 Main Street, Suite 1, Sarasota, Fl 34236, and any other appropriate persons within the time allowed. If you file and servce a response within the time permitted, the Court will either schedule and notify you of a hearing or consider the response and grant or deny the relief requested without a hearing.

    If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

COMES NOW, Defendants PHILLIP ASKINS a/k/a PAT ASKINS Individually and as Trustee of the 5580 Trust dated April 15, 1994; LEONARD DOBALA; and ROLAND V. ASKINS, III; by and through the undersigned attorney, and pursuant to Bankruptcy Rule 7012(b), respectfully move this Court for an Order striking paragraphs 26, 31, 32 and 33 of Plaintiff's Complaint (Doc. No. 1) (the "Complaint") and state as grounds as follows:

1. Bankruptcy Rule 7012(b) incorporates Rule 12(f) of the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 12(f) provides in pertinent part that "The court may strike from a pleading.....any redundant, immaterial, impertinent, or scandalous matter".

2. 'Immaterial matter' has no essential or important relationship to the claim for relief or defenses pleaded *Wilkerson v. Butler*, 229 F.R.D. 166 (E.D. Cal. 2005); 'Impertinent matter' is is neither responsive nor relevant to the issues involved in the action. See *Wilkerson*, *supra*, page 170; 'Scandalous matter' is generally any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language which detracts from the dignity of the court". *Cobell v. Norton*, F.R.D. 266 (D.C. Dist. of Columbia 2004).

3. Courts will grant motions to strike in circumstances where the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. *Industry One, Inc. v.. Greystone Industrial Services, Inc*. 2017 WL 7354718 (M.D. Fla 2017); *Williams v. Eckerd Family Youth Alternative*, 908 F. Supp 908 (M.D. Fla. 1995)

4. Paragraph 26 of the Complaint states that "Cadence Bank never heard of Leonard Dobala."

5. Paragraph 31 of the Complaint states that "Hawk Island's representatives have never heard of Mr. Dobala"

6. Paragraph 32 of the Complaint states that "Pre-petition, the Judgment Creditors of the Debtor, Pat Askins and Vance Askins sought to liquidate the Debtor's gun collection. Pat Askins perjured himself and was found in contempt by the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, presiding over Case No. 16-CA-689 ("Circuit Court")."

7. Paragraph 33 of the Complaint states that "Pat Askins had to testify truthfully as part of his purge of the contempt that was declared by the Circuit Court. Among other topics, Pat Askins testified on March 26, 2018 regarding the Property. Attached as <u>Exhibit "D"</u> is a copy of the March 26, 2018 hearing transcript ("Transcript")."

8. Paragraphs 26 and 31 are immaterial and impertinent matter that have no relationship to the claim for relief.

9. Paragraphs 32 and 33 are scandalous matter which are not relevant to the pleadings, are an attempt to attack one of the defendants personally and may cause prejudice to all of the defendants.

10. The striking of offensive material is particularly appropriate when the offensive material is not relevant to the pleadings but, rather, constitutes an inappropriate attempt to abuse the court's process to attack an individual personally.

WHEREFORE, Defendants pray that this Court enter an order striking paragraphs 26, 31, 32 and 33 of the Complaint and for such other relief that is just and proper.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Amended Defendants' Motion to Strike Immaterial, Impertinent, or Scandalous Matter from Complaint has been furnished electronically or by regular U.S. Mail, postage prepaid, to the U.S. Trustee, 501 E. Polk St., Suite 1200, Tampa, Florida 33602; Chapter 7 Trustee, Dawn A. Carapella, P.O. Box 67, Valrico, FL 33595-0067; Angelina Lim, Esq., Johnson, Pope, Bokor, Puppel & Burns, LLP, 401 East Jackson Street, Suite 3100, Tampa, FL 33602; Timothy W. Gensmer, Attorney for Debtor, 2831 Ringling Blvd., Suite 202-A, Sarasota, FL 34237; and the Debtor, Roland V. Askins, 2463 Waneta Drive, Sarasota, FL 34231 on this  26th   day of June, 2019.

/s/ Benjamin G. Martin
Benjamin G. Martin
Attorney at Law
1620 Main Street - Suite 1
Sarasota, Florida 34236
(941) 951-6166
Florida Bar No. 464661
skipmartin@verizon.net